UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CURTIS WILLIAMS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　CASE NO. 6:10-cv-1070-Orl-28KRS

REBECCA SINCLAIR, et al.,

    Defendants.

------

## ORDER

This case is before the Court on Plaintiff's Rule 59(a) motion (Doc. No. 6), which the Court treats as a motion for reconsideration. On July 23, 2010, the Court dismissed Plaintiff's civil rights complaint as frivolous (Doc. No. 4). The Court determined that Plaintiff's complaint failed to demonstrate that Defendants Sinclair and Caudell, public defenders, acted under color of state law. *Id.* at 2-3. Moreover, the Court found that Defendant Hall was entitled to absolute immunity as her actions fell within the scope of her prosecutorial duties. *Id.* at 3. Finally, the Court stated that Defendant McIntosh was acting within her judicial capacity, and thus Plaintiff's claim could not proceed. *Id.* at 3-4.

Plaintiff argues that the Court misapprehended his complaint and states that he did not argue that Defendant Hall denied him a speedy trial and failed to disclose *Brady* material to him (Doc. No. 6 at 1). Instead Plaintiff contends that his claim stated that

Defendants Sinclair and Hall refused to give him a speedy trial and failed to turn over *Brady* material to him. *Id.* P

The Court's reconsideration of a prior order is an extraordinary remedy which must be used sparingly. *American Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337, 1339 (M.D. Fla. 2003); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1072 (M.D. Fla. 1993). A motion for reconsideration should raise new issues and not merely readdress previously litigated issues. *Taylor*, 814 F.Supp. at 1072. The Court has further stated:

> When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based. The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

*Id.* at 1072-73 (citations omitted).

Here, Plaintiff has noted no change in the factual or legal underpinning upon which the Court based its judgment. Even if the Court misconstrued Plaintiff's claims, and Plaintiff argued that Defendants Sinclair and Caudell failed to disclose *Brady* material and failed to give him a speedy trial, Plaintiff's allegations do not state a claim for relief. Plaintiff's claims against Defendants Sinclair and Caudell are based on allegations of ineffective assistance of counsel in his criminal proceedings, which cannot proceed in a § 1983 complaint because the Defendants were not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(stating "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Furthermore, Plaintiff's claims against Defendant Hall do not state a viable claim for relief as Defendant Hall's actions fell within the scope of her prosecutorial duties, and thus she is entitled to absolute immunity. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Plaintiff can raise his claims regarding the alleged improper prosecution and ineffective representation by the public defenders on direct appeal or in a post-conviction motion filed in the state district court. Accordingly, it is hereby **ORDERED** that Plaintiff's Rule 59(a) motion (Doc. No. 6) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this 26 day of August, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 8/24
Curtis Williams